UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KEVIN HOLLAND,<br>              Defendant. | Criminal No.  05-386-6 (ESH) |

**DETENTION MEMORANDUM**

The Defendant, Kevin Holland, has been charged by indictment with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, narcotics crimes carrying a penalty in excess of ten years. Specifically, the Defendant is charged with conspiracy to distribute cocaine and cocaine base. The government requested a detention hearing which was held on November 21, 2005. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by proffer. According to the government, the Defendant was one of at least nine individuals involved in a large scale crack

cocaine and powder cocaine distribution operation. The government alleges that Antoine Jones, a Co-Defendant indicted with Holland, was a major distributor in this drug ring, based in the District of Columbia. The government further alleges that Holland conspired with Jones and the other named Defendants to distribute large quantities of cocaine. Specifically, the government alleges that Holland is one of Jones' distributors.

Over a period of approximately two months, from Sept. 2, 2005 to Oct. 24, 2005, law enforcement agents intercepted phone conversations between Holland and Jones using a wiretap of Jones' cell phone. According to the government, Holland and Jones made arrangements to meet on a nearly daily basis to exchange money and cocaine. The government asserts that it has photographic evidence of the two men meeting on one occasion at Oxon Hill Plaza, in Oxon, Maryland. According to the government, Holland drove up, tossed a white plastic shopping bag into Jones' jeep, and then quickly departed. Within a few hours of this delivery, the two agreed to meet again. The government asserts that Jones delivered cocaine to Holland at this meeting.

## **Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

A grand jury returned an indictment charging the Defendant with conspiracy to distribute

narcotics, a violations of the Controlled Substances Act. When probable cause exists to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release.  *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant was allegedly an active participant in a major drug distribution conspiracy involving sales of cocaine, a particularly destructive and dangerous narcotic.

The second factor, the weight of the evidence, favors detention.  A grand jury has found probable cause to believe that the Defendant participated in the drug conspiracy.  The Defendant asserted that his phone calls and contacts with Jones were entirely legitimate.  According to the Defendant, he worked as a manager for the band "Listen," an R&B/Go-Go group and as a promoter for Third Eye Productions.  Defendant claims that any connection with Jones was in the context of arranging and negotiating entertainment for Jones' club "Levels."  However, the Court does not

believe that tossing a plastic bag into the back of another's car and then speeding away is consistent with legitimate entertainment business.

The third factor, the history and characteristics of the Defendant, favors detention. Although Defendant has a steady job as a day laborer for Ketrell Property Holdings, his employment records show that he did not work during the month of September, the same month most of the monitored phone calls and meetings took place. Moreover, the Defendant has a previous conviction for distribution of narcotics. At the time of his arrest, he was on probation for that conviction.

The Court agrees that Defendant is not a flight risk. His mother, fiancé and other relatives and friends appeared in court to offer support and assurances that the Defendant would return to court and comply with any release conditions. Furthermore, the Defendant's history does not indicate that he would be a flight risk if released post trial. Defendant has no record of failing to appear for court proceedings. Nevertheless, the Court finds, based on the other factors discussed herein, that the Defendant has not overcome the presumption that he poses a danger to the community.

The fourth factor, the nature and seriousness of the danger to the community should the Defendants be released, also favors detention. The Defendant is charged with conspiracy to sell large quantities of cocaine, a drug that destroys the lives of D.C. residents on a daily basis. The charges indicate that the Defendant, if released, would pose a danger to the community.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendants' pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover,

- 5 -

upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: November ___, 2005

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE