UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Cr. No. 05-386 (ESH) |
| : | |
| ANTOINE JONES, : | |
| also known as "Toine," : | |
| ADRIAN JACKSON, : | |
| MICHAEL HUGGINS, : | |
| KEVIN HOLLAND, and : | |
| KIRK CARTER : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S MOTION TO ADMIT EVIDENCE OF OTHER
CRIMES PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)
AND TO USE PRIOR CONVICTIONS FOR IMPEACHMENT
PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves to admit evidence of other crimes against defendants Antoine Jones, Adrian Jackson, Michael Huggins, Kevin Holland, and Kirk Carter, and to use certain prior convictions for impeachment purposes in the event the defendants to whom they apply decide to testify at trial. In support of this motion, the government says as follows:

**Facts of the Present Case**

All the defendants are charged with Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or more of Cocaine and 50 Grams or more of Cocaine Base and various counts of Use of a Communication Facility to Facilitate a Drug Trafficking Offense. In addition, Jones is charged in several counts with Unlawful Possession with Intent to Distribute Cocaine or Cocaine Base. Jackson is charged with Using, Carrying, Brandishing, and Possessing a Firearm During a Drug Trafficking Offense.

The Indictment spans a period beginning sometime in 2003, through October, 2005, in the Washington, DC Metropolitan Area, the State of Maryland, the State of Texas, the State of North Carolina and elsewhere. The Indictment alleges that Defendants Jones, Jackson, Huggins, Holland and Carter, and their co-conspirators, acquired, repackaged, stored, processed, sold and redistributed quantities of cocaine and cocaine base in the District of Columbia, the State of Maryland, the State of Texas, the Republic of Mexico, and elsewhere. Jones was the primary supplier of cocaine and cocaine base to members of the organization in the District of Columbia and the State of Maryland.

The covert portion of the investigation in the case ended with searches and arrests on October 24, 2005. At that time drugs, drug paraphernalia, and significant quantities of cash were seized from the homes of a number of the defendants, as well as from a stash house where substantial quantities of drugs and cash were found. The evidence at trial will include the seizures on October 24, a number of conversations intercepted pursuant to a Title III order, and the testimony of individuals who were part of Jones's drug organization.

## I. RULE 404(b) EVIDENCE

**A.     Legal Standards Supporting Admissibility of Evidence under Fed.R.Civ.P. 404(b)**

Evidence of other crimes, wrongs or acts is admissible under Fed. R. Evid. 404(b) if offered for any permissible purpose. Permissible purposes include – but are not limited to – proof of intent, motive, opportunity, plan, knowledge, identity, or absence of mistake or accident, United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir.), *cert. denied*, 498 U.S. 825 (1990). Rule 404(b) is a rule of inclusion rather than exclusion. "[A]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance' – for the purpose of proving that a person's actions conformed to his

character." United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*), *cert. denied*, 525 U.S. 1149 (1999) ) (citation omitted); United States v. Moore, 732 F.2d 983, 987 n.3 (D.C. Cir. 1984) ("[only one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect in character; a man with such a defect of character is more likely than men generally to have committed the act in question").

> Other crimes evidence should be admitted if the following three criteria are met:
>
>> 1) the evidence of other crimes or acts is relevant in that it has "**any tendency** to make the existence of **any fact** that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401; 2) the fact of consequence to which the evidence is directed relates to a matter in issue other than the defendant's character or propensity to commit crime; and 3) the evidence is sufficient to support a jury finding that the defendant committed the other crime or act.

United States v. Bowie, 232 F.3d 923, 930 (D.C. Cir. 2000) (internal citations omitted) (emphasis added).

When a conspiracy is alleged, evidence of other crimes is peculiarly appropriate as proof of intent. In United States v. Mitchell, 49 F.3d 769, 775 (D.C. Cir.), *cert. denied*, 516 U.S. 926 (1995), the defendants were charged with conspiracy to possess and distribute narcotics. Recognizing that the government must prove "specific intent to further the common unlawful objective," the Court approved the admission of evidence of prior bad acts holding that "evidence regarding other drug transactions [i]s relevant to intent in a charged drug transaction." See also United States v. Mathis, 216 F.3d 18 (D.C. Cir.), *cert. denied*, 531 U.S. 972 (2000) ("Evidence tending to demonstrate intent, plan, preparation, and motive . . . is particularly probative where the government has alleged conspiracy"), quoting United States v. Sampol, 636 F.2d 621, 659 n. 23 (D.C. Cir. 1980) (internal

quotation marks omitted); United States v. Booker, 334 F.3d 406, 411 (5th Cir. 2003)("The mere entry of a not guilty plea in a conspiracy case raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence"); United States v. Rodriguez, 215 F.3d 110, 119 (1st Cir. 2000), *cert. denied*, 532 U.S. 996 (2001) ("Evidence of other criminal conduct has often been found 'specially relevant' when it tends to prove one or more of the elements of the crime of conspiracy").

   1. **Particular relevance in this case**.

There are several aspects of the proof in this case which make the admission of evidence under Rule 404(b) particularly necessary. First, as this Court is aware, much of the government's evidence will be in the form of intercepted phone calls where a code is employed by the participants. "Tickets," "flyers," "music," and similar terms are used to refer to quantities of drugs. This was apparently adopted because Jones did indeed operate a club where musical groups performed and tickets were occasionally sold. Thus, the defendants are likely to claim they were innocently associated in the music business rather that dealing in drugs. 404(b) evidence squarely addresses potential defenses of this kind. United States v. Moore, *supra*, 732 F.2d at 990 (404(b) evidence appropriately admitted to rebut defense claim that what appeared to be a recording of a drug transaction was not); United States v. Lattner, 385 F.3d 947, 957 (6th Cir.2004), *cert. denied,* 543 U.S. 1095 (2005)("[C]laims of innocent presence or association, such as that made by [the] defense, routinely open the door to 404(b) evidence of other drug acts"); Rodriguez, *supra,* 215 F.3d at 119 (upholding admission of prior drug activity under Rule 404(b) since the "government's evidence must overcome the possibility that a particular defendant's association with criminal co-conspirators was wholly innocent or that, if he was with them at the scene of criminal activity, he was 'merely present,' without guilty knowledge or intent").

Second, as set forth in overt acts 89, 91, and 94, of Count One of the pending indictment, part of the proof of the charged conspiracy is evidence that several defendants were found with drugs, drug paraphernalia or illegal weapons in their residences. Jackson had four grams of crack cocaine and a loaded handgun in his house. Huggins had 130 grams of cocaine, digital scales, and drug packaging material in his home. Carter's home contained drug packaging equipment and ammunition. However, there were other residents in these homes and the government must show knowing possession of the contraband by these defendants. The fact that someone previously possessed contraband makes it less probable that contraband recovered from his room was there without his knowledge and is therefore admissible under Rule 404(b). United States v. Garner, 396 F.3d 438, 443 (D.C. Cir. 2005) (admission of prior constructive possession of firearm and actual possession of gun clip to prove present constructive weapons possession); United States v. Cassell, 292 F.3d 788, 796 (D.C. Cir. 2002) ("[W]e conclude that evidence of Cassell's prior gun possessions was relevant to show his knowledge of and intent to possess the firearms recovered from his bedroom"); United States v. Crowder, 141 F.3d 1202, 1210 (D.C. Cir. 1998) (upholding admission in drug trial of subsequent drug activity under Rule 404(b)); United States v. Brown, 16 F.3d 423, 431 (D.C. Cir.), *cert. denied*, 513 U.S. 900 (1994) (evidence of the defendant's possession of a gun at the time of arrest was relevant to show his intent, knowledge or absence of mistake with respect to the firearms found in a safe during a search three months earlier); United States v. Williams, 895 F.2d 1202, 1205-06 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986, and 1987, was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge).

**B.      The Evidence is More Probative than Prejudicial.**

Inasmuch as this other crimes evidence is probative, it should be admitted unless its probative value is substantially outweighed by its prejudicial effect. Fed. R. Evid. 403. Although the other crimes evidence may be fairly powerful, that does not make it unfairly prejudicial. United States v. Gartmon, 146 F.3d 1015 (D.C. Cir. 1998), affirmed the admission of evidence that the defendant, charged with fraud, had placed a gun in a wavering co-conspirator's vagina and threatened her:

> Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone. It does not bar powerful, or even "prejudicial" evidence. Instead, the Rule focuses on the "danger of unfair prejudice," and gives the court discretion to exclude evidence only if that danger "substantially outweigh[s]" the evidence's probative value.

Id. at 1021 (citations omitted) (alterations in original)..

Notably, the danger that this Court must weigh is not the danger that the other crimes evidence will weaken a defendant's defense, but rather that the jury will misuse the evidence by inferring that, merely because defendant engaged in these prior bad acts, he is prone to commit the offense charged. See United States v. Mitchell, *supra*, 49 F.3d at 777. The law in this Circuit is clear that in balancing the probative value against the prejudicial effect of other crimes evidence, "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged." United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (*quoting* United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)). Indeed, "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence."

Huddelston v. United States, 485 U.S. 681, 688-89 (1988).

Nor does the age of the prior criminal activity preclude it admission under Rule 404(b). United States v. Strong, 415 F.3d 902, 905-6 (8th Cir. 2005), *cert. denied*, 126 S.Ct. 1121 (2006) (upholding admission of 16 year old felon in possession conviction in a felon in possession trial); United States v. Vo, 413 F.3d 1010, 1018-19 (9th Cir.), *cert. denied*, 126 S.Ct. 785 (2005) (upholding admission of 13 year old cocaine conviction in a methamphetamine trial); United States v. Walker, 410 F.3d 754, 758-59 (5th Cir.), *cert. denied*, 126 S. Ct. 633 (2005) (upholding admission of a 16 year old cocaine conviction in a cocaine base trial). United States v. Engleman, 648 F.2d 473, 479 (8th Cir. 1981) ("[T]here is no absolute rule regarding the number of years that can separate offenses. Rather, the court applies a reasonableness standard and examines the facts and circumstances of each case")

C.      **Evidence of Other Crimes by Antoine Jones**

Under Rule 404(b), the government seeks to introduce three pieces of evidence relating to Jones. First, several of the witnesses who will testify about being part of the charged conspiracy were involved in drug transactions with Jones prior to 2003. This testimony is of considerable probative value and should be admitted: "to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." United States v. Mathis, 216 F.3d 19, 26 (D.C. Cir.), *cert. denied*, 531 U.S. 972 (2000), quoting United States v. Williams, 205 F.3d 23, 33-34 (2nd Cir. 2000) (internal quotation marks omitted).

Jones also has two prior drug convictions, one for Distribution of Cocaine in the Commonwealth of Virginia in 1991, the other for Conspiracy to Distribute and Possess with Intent to Distribute More than 50 grams of Cocaine and Cocaine Base, in the District of Columbia, in 1994. The facts surrounding both convictions are set forth below.

On November 13, 1991, Jones pled guilty to charges of Distribution of Cocaine in the Circuit Court of Arlington, Commonwealth of Virginia, for which he received a sentence of six years' imprisonment, three of which were suspended. Judgment and Commitment Order at Tab1.

On July 1, 1994, Jones pled guilty in United States District Court for the District of Columbia to a three-count information that included: 1) Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or more of Cocaine Base; 2) Unlawful Possession with Intent to Distribute 50 Grams or more of Cocaine Base; and 3) Unlawful Possession with Intent to Distribute Cocaine. At the time of his arrest on that charge, the defendant had in his possession a digital pager, a handgun, a cell phone, cocaine and marijuana. While on bond, he was re-arrested for distribution of cocaine. Jones ultimately pleaded guilty, stipulating that he was accountable for distributing 15 kilograms or more of cocaine and that he had received drugs from a "Spanish" individual.

The Government here seeks to prove that Jones operated a successful drug importing, processing, packaging, marketing and distribution enterprise whose scale demanded significant experience in the drug business. His two prior convictions and the present indictment reveal a clear pattern of escalation in the size, complexity and sophistication of his illegal enterprises. Jones's 1991 conviction involved 52.25, grams of cocaine. His 1994 conviction involved 15 kilograms and "Spanish" individuals. He now is charged with distributing multi- kilograms of cocaine he described

as coming from "Mexicans." The probative value of this other crimes evidence outweighs any prejudicial effect it may have because, while:

> [a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion . . . it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs – evidence, that is, of his "bad acts" – thus may be a "brick" in the "wall" of evidence needed to prove possession.

United States v. Crowder, *supra*, 141 F.3d at 1209 n.5.

**D.    Evidence of Other Crimes by Defendant Adrian Jackson**

The government seeks to introduce evidence relating to Jackson's conviction for Possession with Intent to Distribute Cocaine Base in the District of Columbia in 1999. On February 9, 1998, Jackson was arrested in the District of Columbia in possession of 56 small plastic bags of crack cocaine, as set forth in more detail in the documents at Tab 2. The government expects its evidence to show that Jackson was a multiple-kilogram customer in Antoine Jones's cocaine conspiracy, making this prior conviction relevant and not substantially outweighed by its prejudicial value.

**E.    Evidence of Other Crimes by Defendant Michael Huggins**

The government seeks to introduce evidence relating to Huggins's conviction for Providing Contraband (heroin) to an Inmate in 1994. In January, 1994, Defendant Huggins was sentenced to 78 months imprisonment and a term of supervised release for supplying heroin to an inmate at the Federal Correctional Institution at Petersburg, Virginia. He was released from prison in August, 1999. The facts of that case are outlined in United States v. Huggins, 45 F.3d 428 (4th Cir. 1994), *cert. denied*, 514 U.S. 1008 (1995) (unpublished opinion). The facts of the offense are set forth

below. Additional information and the unpublished opinion are contained in the documents at Tab 3.

While it is true that the drug involved in Huggins's earlier conviction is different that in the current charge (cocaine and cocaine base), that difference is irrelevant with regard to admissibility under Rule 404(b), where the government seeks to prove the defendant's knowledge and intent. United States v. Givan, 320 F.3d 452, 462 (3rd Cir. 2003) (admission of prior but different drug convictions germane to showing knowledge); United States v. Macedo, 406 F.3d 778 (7th Cir. 2003) (evidence of prior trafficking in different illicit drug admissible to prove intent to possess distribution amounts of illegal drugs).

**F.   Evidence of Other Crimes by Defendant Kevin Holland**

The government seeks to introduce evidence relating to Holland's prior conviction for drug trafficking in the District of Columbia. In June, 1996, Defendant Holland pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute between 150g and 500g of cocaine base, for which he was sentenced to 10 years imprisonment. The facts of that case are set forth at United States v. Holland, 117 F.3d 589 (D.C. Cir. 1997). Additional documents concerning the prior offense and the unpublished opinion are at Tab 4.    The government expects its evidence to show that Holland was a multiple-kilogram customer in Antoine Jones's cocaine conspiracy, making this prior conviction relevant and not substantially outweighed by its prejudicial value

**G.   Evidence of Other Crimes by Defendant Kirk Carter**

The government seeks to introduce evidence relating to Kirk Carter's 1990, conviction for Conspiracy to Sell, Distribute or Dispense Narcotics in the District of Columbia, for which he was sentenced to 135 months imprisonment. On January 31,1990, acting on a tip that Carter was in

possession of a quantity of crack cocaine, Washington, D.C. police stopped Carter and found in his possession crack cocaine and a large amount of cash. Additional documentation concerning the offense is at Tab 5. The government expects its evidence to show that Carter was a multiple-kilogram customer in Antoine Jones's cocaine conspiracy, making this prior conviction relevant and not substantially outweighed by its prejudicial value

## II. Impeachment with Prior Convictions Pursuant to Fed.R.Evid. 609

The government also requests leave to impeach defendants Antoine Jones, Adrian Jackson, Michael Huggins, Kevin Holland, and Kirk Carter, should they choose to testify, with certain of their prior convictions all of which satisfy the time limit of Federal Rule of Evidence 609(b).

- Jones's convictions for Conspiracy to Distribute Cocaine (1994), for which he was released from incarceration in the past 10 years.

- Jackson's 1999 conviction for Possession with Intent to Distribute Cocaine Base and his conviction for Assault with a Handgun (2nd Degree) in 2004. See Tab 2.

- Huggins's conviction for Providing Contraband to an Inmate. He was released from prison in 1999. See Tab 3.

- Holland's conviction for Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or more of Cocaine Base in1996. He was released from prison in October 2003. See Tab 4.

- Carter's conviction for Conspiracy to Sell, Distribute or Dispense Narcotics in 1990. He was released within the past ten years. See Tab 5.

"[E]vidence that an accused has been convicted" of a crime punishable by more than one year's imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). In United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (*en banc*), the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. The charges in this case arise from an investigation into illegal narcotics activities conducted by the defendant and his associates. The investigation included Title III interceptions on co-conspirators's cellular telephones. The government's evidence at trial will include recorded conversations of the defendant and others discussing narcotics related activities. The defendants often used coded language to avoid detection when discussing their drug related activities. Accordingly, should they choose to testify, the defendants' credibility concerning these conversations will be a central issue. The probative value of their convictions, therefore, is quite high. Moreover, their prior convictions for narcotics trafficking offenses are especially probative in that they are deliberate, planned offenses which evidence a conscious disrespect for the law, and consequently for the oath and judicial proceedings, over an extended period of time.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?" Id. Here, the prejudicial effect of using this conviction for impeachment is outweighed by its probative value:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980).  In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.

    For the reasons given, the United States should be allowed to introduce the evidence described under Federal Rule of Evidence 404(b) and to use the listed convictions for impeachment purposes.

                                Respectfully Submitted,

                                KENNETH L. WAINSTEIN
                                Attorney of the United States in
                                and for the District of Columbia

BY: _____
       John V. Geise
       Assistant United States Attorney
       D.C. Bar No. 358267
       Organized Crime and Narcotics Trafficking
       555 4th Street, N.W., Room 4126
       Washington, D.C. 20530
       (202) 616-9156; Fax: 514-8707