IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(CRIMINAL DIVISION)

| | |
|---|---|
| THE UNITED STATES | * |
| | * |
| | * |
| | * |
| vs. | * Criminal Case No.: 05-CR-386 (1) (ESH) |
| | * |
| | * |
| Kevin Holland, *et al.* | * |
| Defendant | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION IN OPPOSTION TO GOVERNMENT'S MOTION
FOR LEAVE TO ADMIT EVIDENCE OF OTHER CRIMES PURSUANT TO
FEDERAL RULE OF EVIDENCE 404(B) AND TO IMPEACH DEFENDANT
WITH PRIOR CONVICTIONS PURSUANT TO FED. R. EVID. 609**

NOW COMES, the Defendant, Kevin Holland, by and through his counsel Brian K. McDaniel, and McDaniel & Associates, PA in the above captioned matter in opposition to the Government's, motion for leave to impeach Defendant Kevin Holland with prior convictions pursuant to Fed. R. Evid. 609, and to admit evidence of other crimes pursuant to Fed. R. Evid. 404 (B). The request by the Government for this motion and the authority cited by the same does not contemplate the full body of the rules and is contrary to the efficiency of this court.

**BACKGROUND**

The indictment brought forth by the Government charges the Defendant, Kevin Holland with Conspiracy to Distribute and Possess with Intent to Distribute 5 kilograms or more of Cocaine and 50 grams or more of Cocaine Base and various counts of Use of a Communication Facility to Facilitate a Drug Trafficking Offense. The Government seeks to introduce alleged other crimes evidence at trial allegedly carried out by Mr. Holland.

ARGUMENT

I. Rule of 404 (B) Evidence.

**INTRODUCTION:**

The Government should not be permitted to use the alleged Rule 404-(b) evidence due to the fact that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *See Fed. R. 404(b)*. The government fails in their assertion that the Defendant's prior alleged bad acts are proof of motive, knowledge and intent, and their introduction would be unfairly prejudicial. Accordingly, the government's motion should be denied.

**Governing Legal Principles:**

The Court must engage in a multi-step process to determine whether proffered Rule 404-(b) evidence should be admitted. First, the Court must make a determination whether there is "sufficient evidence to support a finding by the jury that the defendant committed the similar act" -- in other words, that a reasonable jury could conclude that the alleged "other acts" occurred. See Huddleston v. United States, 485 U.S. 681, 683, 685 (1988). Second, the government is required to state the purpose for which it intends to introduce the Rule 404-(b) evidence; the Court must then determine whether the evidence is being offered for a legitimate purpose. See, e.g., United States v. Mitchell, 49 F.3d 769, 775 (D.C. Cir. 1995); United States v. Merriweather, 78 F.3d 1070, 1073 (6th Cir. 1996). Third, if the government clears both of those hurdles, the Court must determine under Rule 403, whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. Mitchell, 49 F. 3d at 775; Merriweather, 78 F. 3d at 1073.

**Discussion:**

 A.  **The Evidence Obtained During the Defendant's 1996 Conviction Bears No Relationship to the Instant Charges and Should Not be Admitted.**

The Government asserts that the introduction of evidence of the Defendant's prior convictions which took place in 1996, will show that Holland was allegedly a "multiple-kilogram customer in co-defendant Jones's cocaine conspiracy." This assertion does not speak to the Defendant's knowledge or specific intent on the day in question but instead speaks to the Defendant's alleged past behavior and the assumption that he acted in conformity with said past behavior. It holds "no relevance to any material issue in the case except to show the likelihood that, having once fallen into sin a second slip is likely." United States v. James, 181 U.S. App. D.C. 55, 555 F. 2d 992, 998 (1977).

Furthermore, "evidence of prior wrongful behavior is always prejudicial to a defendant. It not only risks that the jury may infer guilt simply on the basis that the accused has committed wrongful acts, but it diverts the jury's attention from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character." See Campbell v. United States, 450 A.2d 428. The evidence of the 1996 conviction has no other connection to the crime charged in this matter. Nor, does it delineate a common plan or scheme linked to the instant charges at bar.

The court in Ali v. United States, 520 A.2d 306, states that " if there is no inference of a specific plan in the accused's mind which interconnects the uncharged and charged acts, then the other crimes evidence is offered for nothing other than the accused's propensity to commit a series of similar but discrete bad acts."

This evidence, if allowed, will be highly prejudicial in nature and may cause extreme prejudice in the minds of the jurors. Therefore, Government fails to provide "sufficient evidence to support a finding by the jury that the defendant committed the similar act" -- in other words, that a reasonable jury could conclude that the alleged "other acts" occurred as required by the Huddleston court. See Huddleston v. United States, 485 U.S. 681, 683, 685 (1988).

"Once evidence of prior crimes reaches the jury, it is most difficult, if not impossible, to assume continued integrity of the presumption of innocence. A drop of ink cannot be removed from a glass of milk. For this reason, it has long been the rule in this jurisdiction that evidence of a defendant's other crimes is presumptively inadmissible, with the burden on the prosecutor to rebut this presumption." Robinson v. United States, 623 A.2d 1234

"The government's mere incantation of one or more exception to allow for "prior acts" to be admitted, will not function by itself as the "open sesame" that allows in other crimes evidence." Instead courts must look at the evidence sought to be introduced by Government of prior bad acts or other crimes evidence "with a jaundiced eye." Id.

"More particularly, in order for the trial court to admit other crimes evidence under one of the exceptions, (1) there must be clear and convincing evidence that the defendant committed the other offense; (2) the other crimes evidence must be directed to a genuine, material and contested issue in the case; (3) the evidence must be logically relevant to prove this issue for a reason other than its power to demonstrate criminal propensity; and (4) the evidence must be more probative than prejudicial. While decisions about the admission of other crimes evidence are committed to the sound

discretion of the trial court, the court must exercise its discretion in accord with these rules, and the record must reveal a sufficient evidentiary basis for the court's decision." Id.  The Government has failed to satisfy any of the requirements necessary to admit the other crimes evidence that they seek to introduce.

In the instant case, particularly given the inflammatory nature of the alleged prior bad act, the risk of incurable error involved in admitting such evidence as conditionally relevant is too great, regardless of what a limiting instruction might state. Accordingly, a pretrial hearing should be held in this matter in the interests of both fairness and judicial economy in regards to the aforementioned evidence.

**B.    The Prior Bad Acts of the Defendant Should Not be Admitted Under Rule 403.**

It is highly likely that the jury here would give the prior incidents excessive weight by concluding that Mr. Holland must have possessed drugs, with the intent to distribute the same because he allegedly possessed drugs on other occasions.

II. Rule 609 Evidence.

**A.    Discussion**

A defendant's prior convictions generally are inadmissible as evidence of his conduct on the occasion in question.  Fed. R. Evid. 404.  Fed. R. Evid. 609 is not applicable because the Defendant Holland's prior convictions are being used to show bias, not untrustworthy character.   The Defendant, has been charged with Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or more of Cocaine and 50 Grams or more of Cocaine Base and various counts of Use of a Communication Facility to Facilitate a Drug Trafficking Offense. The nature of this crime does not involve

dishonesty or false statements. Credibility is not a question regarding the nature of the above -mentioned crime. If the Government were to use Defendant Holland's prior convictions, it would only serve as an attempt to prejudice the jury, not to prove guilt for the matter before the court. Moreover, none of Defendant Holland's prior convictions involve an act of dishonesty.

The Government relies on Fed. R. Evid. 609(a)(1) which allows the defendant to be impeached with evidence of a criminal conviction, but only if the conviction was for a crime involving dishonesty or false statement, or for a felony for which the defendant was convicted. In addition, that evidence is only admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. In addition, Rule 609(a)(1) authorizes impeachment by convictions for crimes that do not involve dishonesty or false statement only if certain conditions are met; (1) The witness must have been convicted of a crime that is punishable by death or imprisonment in excess of one year. Although the conviction of the Defendant satisfy the first prong as he was sentenced to more than one year of confinement, (2) a balancing test will reveal that the probative value of the conviction as credibility evidence does not outweigh its prejudicial effect to the accused.

The Courts consider a number of factors in balancing the probative value of an impeaching conviction against the danger of unfair prejudice. Some of the factors are particular to the situation where the accused is the witness, as that is where the unfair prejudice is most acute. Several courts of appeals have endorsed the following five-factor test. U.S. v. Nururdin, 8 F.3d 1187, 1192 (7th Cir.1993); U.S. v. Sloman, 909 F 2d. 176, 181 (6th Cir.1990):

**(1)** The more the crime seems related to veracity, the greater its probative value. U.S. v. Hayes, 553, F. 2d 824, 827-28 (2d Cir. 1977). (Drug smuggling more probative of credibility than is drug possession). The nature of the crime of the 1996 conviction of Distribution of 50 grams or more of Cocaine base **does not relate to a veracity** which, **does not increase the probative value of those conviction.**

(2) Crimes committed during youth or **long ago** may have less bearing on the witness's present character. U.S. v. Pritchard, 973 F.2d 905, 909 (11th Cir. 1992). Fed. R. Evid. 609(b) states that evidence of a conviction of more than (10) ten years old as calculated herein, is not admissible... Rule 609(b) mandates a more stringent balancing test for convictions that are at least ten years old. A remote conviction is admissible only if the court makes a finding supported by specific facts and circumstances that the probative value of the conviction substantially outweighs its prejudicial effect. The balancing factors are the same ones used in making Rule 609(a)(1) determinations, See U.S. v. Sloman, 909 F. 2d 176, 181 (6th Cir.1990), but the stringent balancing test effectively creates a presumption against admissibility. U.S. v. Pritchard, 973 F.2d 905, 908 (11th Cir. 1992). The time frame for measuring the ten-year time limit begins with the date of conviction or the date of the witness' release from any confinement imposed for that conviction, whichever is later. Time spent on probation or parole is not considered confinement. Therefore, the 1996 conviction is not admissible because it occurred nine years ago and

    should be considered remote based on the aforementioned analysis. The only purpose the Government would serve in using these prior convictions is to show bias. The prejudice of the prior convictions substantially outweighs the probative value of the evidence.

(3) The similarity of the previous offenses poses a greater risk of prejudicial effect without concomitantly enhancing its probative value as evidence of untruthful character. <u>U.S. v. Sanders</u>, 964 F. 2d 295, 297-98 (4th Cir.1992). The 1996 conviction of Distribution of 50 Grams or more of Cocaine Base is so similar to the current charges of Unlawful Possession with Intent to Distribute 500 Grams or More of Cocaine Base, the prejudicial value will be more apparent than its probative value. If the prosecution were allowed to admit this prior conviction, it would unfairly prejudice the defendant without providing evidence of the defendant's untruthful character.

(4) The court should consider both the risks that the defendant will be deterred from taking the stand by the fear that the jury will learn of his past convictions and the need for his testimony to substantiate recent actions. <u>U.S. v. Pritchard</u>, 973 F. 2d 905, 909 (11th Cir.1992). The defendant is aware that his 5th amendment right allows him to refrain from testifying on his behalf, for fear of self- incrimination. However, the defendant and the police officers were the only witnesses at the time the incident in dispute occurred that led to the arrest and charge of the defendant. Therefore, the defendant's testimony is imperative to his defense. However, if the

        defendant is aware that his prior conviction may be brought out during his testimony, he may be reluctant to testify. There is some difference between witnesses in regard to the risk to which they may be exposed. "A defendant-witness runs the risk that evidence offered by way of impeachment will be used by the jury to a material extent as the basis for conviction, notwithstanding reasonable doubt as to responsibility in the case at bar, because of the human temptation to shut away a 'bad man.'" See <u>Davis v. United States</u>, 133 U.S. App. D.C. 167.

(5)    The need for full exploration of credibility is greatest when the case boils down to a swearing match between witnesses. <u>U.S. v. Pritchard</u>, 973 F. 2d 905,909 n.6 (11th Cir.1992). Even if there is a need to challenge the credibility of the witness, it must not be obtained in a way in which there is a greater danger of prejudice to the accused than the probative value of the evidence, which is what will occur if the government is allowed to impeach the defendant and allow his prior convictions to be admitted.

The Court in <u>Brown v. Davis,</u> 125 U.S. App. D.C. 220 held that;

> While prior convictions might have some bearing on credibility, the trial court is not bound . . . . to permit impeachment in every case. There may well be cases where the trial judge might think that the cause of truth would be helped more by letting the jury hear the defendant's story than by the defendant's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction. Some considerations that might be relevant in exercising that discretion, are the nature of the prior crimes, the length of the criminal record, . . . . **and, above all, the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction**.

9

As a result of this application, Defendant Holland should be able to testify as to his version of the events that resulted in his arrest rather than be placed in fear of testifying due to the admission of prior convictions. Therefore, the evidence sought to be admitted by the Government should not be disallowed.

Rule 609(a) states that a prior conviction shall be admitted, but only if the felony meets certain conditions, and Rule 609(b) provides that certain prior convictions are not admissible unless the court determines that the interest of justice will be served. It is to be taken that Rule 609(b) carves out a specific class of prior convictions that would otherwise be admissible under Rule 609(a), but are declared to be inadmissible unless additional conditions are met. U.S. v. Lewis, 626 F.2d 940 (1980). Among the crimes courts have held not to involve dishonesty or false statement are; Bank Robbery United States v. Brackeen, 969 F.2d 827, 829-3 (1992), Burglary, United States v. Sellers, 906 F.2d 597, 603 (1990), Drug use, Medrano v. City of Los Angeles, 973 F.2d 1499, 1507 (1992) and unauthorized acquisition and possession of food stamps, United States v. Mejia-Alarcon, 995 F.2d 982, 989-90 (1993).

Under Rule 609(a)(1), if the witness is the accused, he may be impeached only if the court finds that the probative value of the conviction as credibility evidence outweighs its prejudicial effect to the accused. The burden of proof falls on the impeaching party. It is evident that the use of the defendant's prior conviction by the government will only be used to bring about unfair prejudice to the accused. The defendant's prior convictions are either ten (10) years old or substantially close in time proximity, do not involve dishonesty or false statements, or are being used to prove the character of the defendant, (evidence of other crimes, wrongs, or acts is not admissible to

prove the character of a person in order to show action in conformity therewith.) Fed. R. Evid. 404(b)).

The Government may offer to instruct the jury to limit the use by which it can consider evidence of a prior conviction. This does not sufficiently protect the defendant from the prejudice intended to be avoided. The operative question here is "how much" and how will anyone account for the amount. The defendant's prior convictions should be excluded because of the high risk of prejudice. The Court in Clark v. United States, 639 A.2d 76 acknowledge "that, in the face of seriously prejudicial evidence, curative instructions, particularly those buried within the charge-in-chief at the end of trial, are of minimal worth."

WHEREFORE, counsel requests that this Honorable Court denies the Government's Motion for Leave to Admit Evidence of Other Crimes Pursuant to Federal Rule of Evidence 404(B) and Impeach Defendant with his Prior Convictions Pursuant to Fed.R.Evid.609 and to allow the procedure of this case on its merit.

Respectfully Submitted,

_____/s/_____
Brian K. McDaniel, Esq.
McDaniel & Associates
1211 Connecticut Ave. N.W.
Suite # 506
Washington, DC 20036
202-331-0793
BKMAssociates@aol.com
Counsel For Defendant

**CERTIFICATE OF MAILING**

    I HEREBY CERTIFY that on this 21st day of July, 2006, a copy of the foregoing Motion in Opposition to the Government's Motion For Leave To Impeach Defendant With His Prior Convictions and its attending order were filed electronically of which a copy will be forwarded:


AUSAs J.V. Geise and Leiber
Assistant U.S. Attorney for the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530


                                                     _____/s/_____
                                                      Brian K. McDaniel, Esq.